# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20747
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 29, 2017

Lyle W. Cayce
Clerk

SEALED APPELLEE,

Plaintiff-Appellee

v.

SEALED APPELLANT,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CR-191-2

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Appellant challenges the imposition of a two-level enhancement under U.S.S.G. § 2B5.1(b)(4) for possessing a dangerous weapon in connection with his offense of dealing in counterfeit United States currency. We review the legal conclusion that he possessed a firearm in connection with the offense de novo and any related factual findings or inferences for clear error. *See United States v. Coleman*, 609 F.3d 699, 708 (5th Cir. 2010).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

According to Appellant, the district court erred in determining that there was a sufficient nexus between the firearm and his offense.  He contends that the spatial or temporal proximity of a weapon to the evidence of an offense is not enough.  The evidence showed that Appellant was selling and receiving large amounts of cash (counterfeit and genuine).  At the time of his arrest, he was sleeping in his car in a parking lot with more than $30,000 in counterfeit bills in plain sight, and he admitted that he had been involved in the distribution of $400,000 in counterfeit currency.  Agents found him there after he failed to show up at a planned sale to an undercover agent at which Appellant expected to receive $40,000 in genuine currency.  Agents recovered a firearm in a search of his vehicle.

Given the facts of this case, it was reasonable to infer that the firearm was present to protect the counterfeit bills or the proceeds of their planned sale against theft.  *See, e.g., United States v. Condren*, 18 F.3d 1190, 1198-1200 (5th Cir. 1994) (applying a similar enhancement under U.S.S.G. § 2K2.1(b)).  We find no error in the imposition of the enhancement.  The judgment of the district court is AFFIRMED.